PEOPLE v. STEHR.

(Supreme Court, Appellate Division, Second Department.   May 7, 1915.)

CRIMINAL LAW &wkey;780—INSTRUCTIONS—TESTIMONY OF ACCOMPLICES.

Where the testimony of a convicted accomplice was corroborated by circumstances connecting accused with arson committed by a third person, who had been convicted as the incendiary, but the circumstantial evidence did not prove accused's guilt without the testimony of the accomplice, and the state, to probe the conscience and test the recollection of the incendiary, who was an ineffective witness for the state, read an extrajudicial statement of his, wherein he implicated accused, the action of the court in refusing to charge that the jury, in weighing the testimony of the accomplice, might consider the different statements made by him at different times, and that if they disbelieved him they must acquit accused, and in charging that if the jury disbelieved the testimony of the accomplice they must consider whether there was other testimony to lead them to believe beyond a reasonable doubt as to the guilt of accused, and in failing to advise the jury that the extrajudicial statement, purporting to have been made by the incendiary, was not evidence, was prejudicial error.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1859–1863; Dec. Dig. &wkey;780.]

Appeal from Kings County Court.

Hyman Stehr was convicted of arson in the first degree, and he appeals. Reversed, and new trial ordered.

Argued before JENKS, P. J., and THOMAS, STAPLETON, and PUTNAM, JJ.

Luke O'Reilly, of Brooklyn, for appellant.

Harry G. Anderson, Asst. Dist. Atty., of Brooklyn (James C. Cropsey, Dist. Atty., of Brooklyn, on the brief), for the People.

PER CURIAM. The defendant was convicted of arson. He was not the incendiary. A witness, Stern, is a convicted accomplice. The case is deficient in direct evidence to establish defendant's guilt save that which came from the lips of Stern. Kessler, the convicted incendiary, was called as a witness by the prosecution, but gave no evidence inculpating the defendant. The prosecution asserted disappointment. The assistant district attorney, under the pretext of probing the conscience and testing the recollection of Kessler, read from a paper, in question form, an extrajudicial statement, purporting to have been previously made by Kessler, in which he implicated the defendant. Stern's testimony was perhaps sufficiently corroborated by evidence of circumstances tending to connect the defendant with the commission of the crime. The circumstantial evidence was insufficient to prove the defendant's guilt without Stern's testimony. In this state of the record the learned trial court was requested to charge:

"That the jury, in weighing the testimony of Isaac Stern, may consider the different statements made by him at different times, and that if the jury disbelieve Isaac Stern, then they must acquit the defendant; there is nothing else in this thing."

The court made this disposition of the request:

"That is a question that, perhaps, ought to be left to the jury. I think I will leave that to the jury, that if they disbelieve the testimony of Isaac Stern, then it is for them to say whether there is testimony outside of that to lead them to believe beyond a reasonable doubt as to the guilt of the defendant."

An exception was recorded. We think the exception presents prejudicial error. We cannot know whether the jury believed a convicted accomplice. If they did not, the evidence was insufficient to establish defendant's guilt. The jury may have assumed that the statement of Kessler, made out of court and indirectly placed before them, constituted evidence. They were not advised in the charge that it did not, although the method of getting it before the jury was vigorously and consistently opposed by the learned counsel for the defendant.

Judgment of conviction of the County Court of Kings County reversed, and new trial ordered.